IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GREGORY ROBINSON, | |
|     Petitioner, | |
| vs. | No. 10-2211-STA/dkv |
| JUAN CASTILLO, | |
|     Respondent. | |

---

ORDER DENYING PETITION UNDER § 2241
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT
(DOCKET ENTRY 3)
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On March 30, 2010, Petitioner Gregory Robinson, Bureau of Prisons inmate registration number 11047-018, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk is directed to record the respondent as Juan Castillo.

Petitioner alleges that he was convicted in the United States District Court for the Middle District of Florida of one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and three counts of distributing narcotics, in violation of 21 U.S.C. § 841(a). Petitioner was sentenced to life imprisonment on the conspiracy count and one distribution count and was sentenced to forty year terms of imprisonment on the remaining two distribution counts, to be served concurrently. United States v.

Gregory Robinson, No. 89-CR-00074 (M.D. Fla. ). Robinson does not relate the date of his judgment. Petitioner alleges that he appealed his sentence and the case was both "affirmed and remanded" with the mandate issued by the Eleventh Circuit Court of Appeals on April 27, 1992.

Robinson filed a motion to vacate in the district court which was denied for lack of substantive merit. (See United States v. Robinson, No. 89-CR-00074 at D.E. 679). Robinson appealed and the Eleventh Circuit Court of Appeals denied a certificate of appealability. (Id. at D.E. 695.) Robinson also filed a successive motion to vacate his convictions which the district court dismissed for lack of jurisdiction. (Id. at D.E. 751.)

Robinson contends in this petition that he has been deprived of due process, was denied the effective assistance of counsel, and has been subjected to double jeopardy. The memorandum accompanying the petition contains Petitioner's objections to the use of his criminal history category and the enhancement of his sentence for being an organizer and leader and for obstructing justice. Robinson seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one-year of the time conviction is final.

This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. These reforms were intended to protect the finality attached to federal criminal judgments.

Because another § 2255 motion is foreclosed by the AEDPA statute of limitations and successive petition limitations, Petitioner seeks to characterize this case as a habeas petition under § 2241. The only reason for this characterization, however, is the need to avoid the limitations imposed by AEDPA. This case seeks to attack the validity of Petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions has relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather

---

[1] See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

than the validity of the sentence itself, Section 2255 does not apply."). It is clear from <u>Wright</u> and <u>Jalili</u>, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir. 1999); <u>In re Hanserd</u>, 123 F.3d 922, 933 (6th Cir. 1997). Robinson's petition does not challenge the execution of his sentence, but attacks its imposition.

Habeas corpus would be available, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of AEDPA and permits review by a habeas petition in an even more narrow category of

4

cases. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). The § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

After the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[2]

---

[2]   See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney
(continued...)

5

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Robinson is not entitled to relief in this § 2241 petition for several reasons. First, the claims asserted in this petition challenge the imposition of the prisoner's sentence, rather than the execution of his sentence, making it inappropriate for a § 2241 petition. Second, Robinson has no valid argument that he is actually innocent of the offenses for which he is currently serving

---

²    (...continued)
recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

time. Third, Robinson had the opportunity to raise the issues presented in this petition on direct appeal or in his motion to vacate.

Because Robinson is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DENIED and DISMISSED. The motion for appointment of counsel (D.E. 3) is DENIED as MOOT.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of

amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997).  Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.  Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress,

>    and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the concluion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 29th day of June, 2010.

>                                  **s/ S. Thomas Anderson**
>                                  S. THOMAS ANDERSON
>                                  UNITED STATES DISTRICT JUDGE